Shirey et al. v. Cumberhouse.

---

## SHIREY ET AL. v. CUMBERHOUSE,

1. EJECTMENT. *Pleading: Matters in avoidance must be proved.*
   When an answer in an action of ejectment admits that the plaintiff's ancestor was formerly seized of the land but had conveyed it away, the *onus* is upon the defendant to prove the conveyance or the plaintiff will be entitled to the verdict.

2. SPECIFIC PERFORMANCE : *Part performance must be in life of vendor.*
   Part performance of a parol contract for the sale of land must be made in the life of the vendor or it will not bind his infant heirs.

APPEAL from *Craighead* Circuit Court.

Hon. L. L. MACK, Judge of the Circuit Court.

*J. E. Riddick,* for appellants.

The testimony adduced by defendants to show conveyance from plaintiff,s ancestor to Kimbro, is either hearsay ·or irrelevant.     *1st Greenl. Ev., sec. 189; note to Bauerman v. Radenius, 2 Smith Lead. Cases., 397.*

*W. H. Cate,* for appellees.

SMITH, J.   This was ejectment for one hundred and ·sixty acres of land.   The plaintiffs claim by inheritance

Shirey et al. v. Cumberhouse.

from their father, who, it was alleged, had died seized and in possession of the premises. The defendants, who held different portions of the same tract, admitted that the father of the plaintiffs was in possession at the time of his death, but deny that he was ever seized of two-sixths parts of the land, and for these two-sixths they deduce title from sources independent of him. Of the remaining four-sixths they deny that he died seized, alleging that he had in his lifetime sold and conveyed his interest to one Kimbro, to whom they undertake to trace back their own title. They also plead adverse enjoyment for more than seven years in bar of the action.

A jury trial resulted in a verdict for the defendants, which the circuit court refused to disturb. The grounds of the motion for a new trial may be classified under three heads.

1. Misdirection of the jury.

2. Insufficiency of the evidence to sustain the verdict; and,

3. The admission of incompetent testimony.

1. EJECT-
MENT:
Pleading:
Matters in
avoidance
must be
proved:

The instructions which were excepted to relate to the burden of proof. The court, in effect, told the jury that the plaintiffs must make out their title by proof, and that all presumptions were to be indulged in favor of the lawful possession of the defendants. This was correct as to the two-sixth interest; but as to the remaining four-sixths, the prima facie title of the plaintiffs was admitted by the pleadings and it devolved upon the defendants, under the issues formed, to avoid that title by proof that the ancestor had conveyed the land away, or that his heirs were barred by the statute of limitations.

The evidence tended to show that the lands had once belonged to Edward Mattox, who died in 1856, leaving six heirs at law, to whom the land had descended. Fergus Snoddy, the ancestor of the plaintiffs, had married one of

the heirs and by purchase had acquired the share of four others. , After Snoddy's death, his widow married again and she joined her second husband in conveying her share to one McCall, from whom the defendants have an unbroken chain of title. James Mattox, the sixth heir, also conveyed his share to one Chandler, under whom the defendants hold. So it is proved that the interest of Fergus Snoddy never exceeded four undivided sixth parts, and consequently the plaintiffs have shown no such title to two-sixths of the land as requires any second trial.

Shortly before his death, which occurred in November, 1862, Snoddy agreed to sell the land to one Kimbro for four negro slaves. But there is no sufficient evidence in the record that any deed was ever made, nor even that the terms of the agreement were reduced to writing in a bond for title, or other memorandum signed by Snoddy. The court allowed some hearsay testimony on this subject to go to the jury, such as declarations by Kimbro that he had received a deed, and statements by a party who once claimed an interest in the land to the effect that he had formerly employed a lawyer to investigate the title, and the lawyer had given a favorable report. But no witness testified that he had ever seen such a deed, or had any personal knowledge on the subject, or that he had ever heard Snoddy admit that he had executed one. On the contrary the evidence adduced for both parties fairly shows that the exchange was not to be completed by the delivery of the slaves, the execution of a deed and the change of the possession of the land, until the first day of January, 1863. And before that day arrived Snoddy was dead. However, before his death, Kimbro had delivered two of the negroes. And there is some evidence that, with Snoddy's assent, he had begun the erection of a house. On the first of January, 1863, he delivered to Mrs. Snoddy the other two slaves and she yielded to him possession of the place.

Kimbro and persons claiming under him, including the present defendants, have held the land ever since. But Snoddy's heirs were at that time all infants. One of them, the plaintiff, Mrs. Shirey, had been of full age more than three years before the commencment of this action. Of the others, one was still a minor when the action was begun, and two had so recently become of age as not to be barred.

The verdict as against Mrs. Shirey was right. As against her co-plaintiffs it was unsupported by the evidence to the extent of their interest in the land of which their father died seized. The burden was upon defendants to prove that Snoddy had conveyed the land in his lifetime. So far from doing this, the testimony leaves no doubt upon our minds that it was a parol contract for the sale of land.

2.   Part performance must be in lifetime of vendor.      Whether there has been sufficient part performance to take the case out of the statute of frauds, we do not stop to enquire. Partial performance is an equitable doctrine and it is probable the defendants would be compelled to transfer the cause to equity and file a cross-bill in order to get the benefit of it. But even in that court the part performance of the contract must have taken place in Snoddy's lifetime. Nothing that was done after his death would bind his infant heirs.

The judgment as to Mrs. Shirey and her husband is affirmed, as it is also affirmed in regard to the other appellants to the extent of two-sixths of the land. This disposes of three-sixths of the land in favor of the appellees, leaving only an undivided half of the land to be litigated for. In other respects the judgment is, for the errors above indicated, reversed, and the cause is remanded for a new trial, with leave to the appellees to amend their pleading if they shall be so advised.